N/S/I

FILED

CHRIS CHESTER
6901 COUNTY RD 1145
CELESTE, TX 75423
CHESTER2021OL@GMAIL.COM
Defendant Pro Per

2022 OCT 12  PM 1:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____EEE_____

UNITED STATES DISTRICT COURT SUPERIOR COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| | ) Case Number: |
| | ) 2:22-CV-07426-MEMF-JCx |
| CHRISTOPHER CHESTER | ) |
| PLAINTIFF | ) |
| | ) VERIFIED COMPLAINT |
| V | ) |
| | ) 1.  VIOLATION OF 12 CFR 1008.103 |
| JRM FINANCIAL LLC, a California Limited Liability Company; | ) 2.  UNJUST ENRICHMENT |
| ANCHOR LOANS LP, a Delaware Limited Partnership; | )     VIOLATION OF DUE PROCESS UNDER US |
| HON HOLLY J FUJIE,  in her official capacity as LOS ANGELES | )     CONSTITUTION 14th AMENDMENT |
| COUNTY SUPERIOR COURT JUDGE, DOES 1-20, inclusive, | ) |
| | ) |
| DEFENDANTS | ) JURY TRIAL DEMANDED |
| | ) |
| | ) INJUNCTION REQUESTED |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff, Christopher Chester, hereby brings this matter which arises from an unlimited

matter held in the courtroom of Hon Holly J Fujie; JRM Financial LLC v Chester, et al,

LASC case number 20STCV06245.

Plaintiff filed a 170.6 peremptory challenge that was denied by Hon Fujie. This matter is

being filed in response to that denial and in consolidation with the federal removal of that

matter.

## STATEMENT OF FACTS AND FACTUAL ALLEGATIONS

1.  Defendant is an REO holding company for Defendant Anchor Loans, LP. Anchor

    Loans LP, is an unlicensed lender and Beneficiary of the Deed of Trust for 3535

Verified Complaint

Multiview Dr Los Angeles CA 90068; a residential property that is the subject of this legal action.

2. Plaintiff executed a guaranty for the loan in the amount of $1,800,000. At the time that the guaranty was executed Anchor Loans, LP was and continues to be in violation of state and federal law. Therefore, the guaranty is unenforceable and void. Anchor Loans does not hold the requisite state and federal Nationwide Multistate Licensing System (NMLS) license that is necessary when making a loan on a residential property. 12 CFR 1008.103 indicates as follows:

**§ 1008.103 Individuals required to be licensed by states.**

(a) Except as provided in paragraph (e) of this section, in order to operate a S.A.F.E.-compliant program, a state must prohibit an individual from engaging in the business of a loan originator with respect to any dwelling or residential real estate in the state, unless the individual first:

(1) Registers as a loan originator through and obtains a unique identifier from the NMLSR, and

(2) Obtains and maintains a valid loan originator license from the state.

(b) An individual engages in the business of a loan originator if the individual, in a commercial context and habitually or repeatedly:

(1)

(i) Takes a residential mortgage loan application; and

(ii) Offers or negotiates terms of a residential mortgage loan for compensation or gain; or

(2) Represents to the public, through advertising or other means of communicating or providing information (including the use of business cards, stationery, brochures, signs, rate lists, or other promotional items), that such individual can or will perform the activities described in paragraph (b)(1) of this section.

(c)

Verified Complaint

(1) An individual "takes a residential mortgage loan application" if the individual receives a residential mortgage loan application for the purpose of facilitating a decision whether to extend an offer of residential mortgage loan terms to a borrower or prospective borrower (or to accept the terms offered by a borrower or prospective borrower in response to a solicitation), whether the application is received directly or indirectly from the borrower or prospective borrower.

3. Despite the unlicensed status of Anchor Loans LP, they continue to operate as a multi billion dollar entity; and on or about June 7, 2018, Plaintiff alleges to have sold the subject property at a foreclosure sale. At the time of the sale, Plaintiff WAS NOT the beneficiary of the Deed of Trust. The beneficiary of the Deed of Trust at the time of the sale was Anchor Assets V, LLC; another holding company for Anchor Loans, LP. Assignments of the Deed of Trust have been shuffled between REO holding companies for Anchor Loans, LP.

3.   Anchor Assets V, LLC, DID NOT assign the Deed of Trust to JRM Financial LLC until the day AFTER the sale of the property, June 8, 2018. The Assignment WAS NOT RECORDED until June 15, 2018.  Therefore, the sale was NOT duly perfected at the time of the sale and was unlawful. (See attached Assignment of Deed of Trust and Trustee's Deed Upon Sale). As a result no valid claim exists for Defendant JRM to seek a judgment against Plaintiff. Regardless, JRM held a very questionable foreclosure sale wherein the property reverted to Plaintiff for $200,000 despite the fact that the alleged amount of debt at the time of the sale was $2,177,648.18 and the principal balance of the original loan was $1,800,000 (See attached TDUS).

4.   On or about November 27, 2019, Defendant JRM then unlawfully sold the property to an alleged third party buyer for $1,768,300 just under the $1,800,000 principal balance. The value of the property at that time was well over the $1,800,000 loan amount; but the property reverted to JRM for $200,000, despite the that fact that the market value was within a range of $2,000,000-3,000,000 at the time.

5.   Merely 3 months after they unlawfully recouped the majority of the alleged debt at the time of sale; in bad faith, they proceeded to utilize the legal system to

Verified Complaint

unjustly enrich themselves. Defendant JRM filed the subject action on February 14, 2020 against Plaintiff as guarantor, seeking a 1,977,648.28 judgment in the Complaint..

6. The Complaint negligently failed to disclose the fact that $1,968,300 had already been secured from the 2 previous unlawful sales; an amount less than $10,000 from the judgment that that they were seeking in the subject action.

7. At this time they have already secured an unlawful and void default judgment in state court against Defendant Mackie Gibson in the amount of $2,973,773.10; an amount well over the original $1,977,648 that was requested in the complaint and IN ADDITION to the $1,968,300 that they have already secured from the 2 sales of the property prior to the filing of the state action.

8. The Trustee's Deed Upon Sale sale,  assignments of the Deed of Trust and guaranty contracts are attached as exhibits to the original state court Complaint. California Rules of Court 3.110(b) required JRM to serve parties within 60 days of filing the complaint.

9. JRM failed to serve Plaintiff and Mackie Gibson within 60 days. A minute order dated June 24, 2020 indicated JRM was required to file a declaration of why the case should not be dismissed by August 27, 2020. The Court further ordered that the case would be dismissed if the declaration was not timely filed (See attached minute order).

10. Another minute order dated August 31, 2020 indicates that the mandatory declaration was filed on August 28, 2020. The declaration was untimely and required a dismissal of the case. The Court failed to follow its own order to dismiss with no explanation or acknowledgment of the untimely filing (See attached minute order).

Verified Complaint

11. The Court further ordered that a declaration of why the case should not be dismissed was to be filed by November 5, 2020. JRM again failed to file a timely declaration. Instead, the declaration was filed on November 6, 2020. The Court again failed to follow its own order to dismiss the case with no explanation or acknowledgment of the untimely filing.

12. As a result of the Court's negligent decision to ignore JRM's untimely filings; JRM was eventually able to successfully serve the state court Defendants. JRM filed requests for entry of default and requests for default judgment against state court Defendant Gibson. However, JRM failed to serve the requests for Default and Default Judgment Gibson had difficulty securing counsel to defend himself against this matter but was able to oppose JRM's Request for Entry of Default Judgment. JRM's hearing was held on June 9, 2021. Gibson challenged JRM's request for several reasons including the fact that JRM was in bad faith attempting to unjustly enrich themselves at the expense of the state court Defendants. The Court's minute order negligently referenced California Bank & Trust v DelPonti, 232 CalApp 4th 162 (2014). The Court opined that the DelPonti decision did not apply in this matter which is quite the contrary. The Court referenced the following issue raised in the DelPonti decision: "3) We therefore hold that a guarantor's waiver of defenses is limited to legal and statutory defenses expressly set out in the agreement." (232 CalApp 4th 162 (2014)."

13. HOWEVER, THE COURT COMPLETELY IGNORED THE COURT'S TRUE INTENT AND OPINION WHICH WAS CLARIFIED BEGINNING WITH THE **VERY NEXT SENTENCE**:

A waiver of statutory defenses is not deemed to waive all defenses, especially *equitable defenses,* such as unclean hands, where to enforce the guaranty would allow a lender to profit by its own fraudulent conduct. The doctrine of unclean hands bars a plaintiff from relief when the plaintiff has engaged in misconduct relating directly to the transaction concerning which suit is brought. (*Camp v. Jeffer, Mangels, Butler & Marmaro* (1995)

Verified Complaint

35 Cal.App.4th 620, 638-639 [41 Cal.Rptr.2d 329].) Although originally an equitable defense, it may apply to legal claims, as well. (*Jacobs v. Universal Development Corp.* (1997) 53 Cal.App.4th 692, 699 [62 Cal.Rptr.2d 446].)

(4) Faced with this question for the first time, we apply a rule of strict construction to contractual predefault waivers by the Guarantors. While broad \*168 in scope, such waivers are limited to those legal or statutory defenses particularly set forth in the guaranty agreement and do not constitute a waiver of all equitable defenses. In fact, the waiver provision of the guaranty agreement specifically states, "Except as prohibited by applicable law, Guarantor waives ...." This language contemplates the retention of defenses, the predefault waiver of which would be contrary to public policy.

(5) In all suretyship and guaranty relations, the creditor owes the surety a duty of continuous good faith and fair dealing. (*Sumitomo Bank of California v. Iwasaki* (1968) 70 Cal.2d 81, 85 [73 Cal.Rptr. 564, 447 P.2d 956].) This duty was not waived by the Guarantors in the agreement. The trial court found that public policy precluded an interpretation of the guaranty agreement that resulted in a waiver of *all* defenses. We agree.

(6) Public policy requires us to read Civil Code section 2856 in a manner that prevents one party from capitalizing upon its own fraud or willful misconduct. (See Civ. Code, §§ 1667, 1668.) As the trial court pointed out, it would be in violation of public policy to enforce the Guarantors' waivers of defenses to payment of the note where the Bank willfully breached of the loan agreement, causing the default. There was no error.

14. Furthermore, the 2 previous sections of the appellate decision frown upon the unjust enrichment of a lender:

However, a guarantor cannot be held liable where a contract is unlawful or contravenes public policy. (Civ. Code, § 1667; *WRI Opportunity Loans II, LLC v. Cooper* (2007) 154 Cal.App.4th 525, 545 [65 Cal.Rptr.3d 205].) The rule against enforcement of illegal transactions is founded on considerations of public policy that are independent of Civil Code sections 2809 and 2810. (*WRI Opportunity Loans II, LLC v. Cooper, supra,* at p. 545.) Following this reasoning, it has been held that a predefault waiver of notice by a guarantor is unenforceable as void. (*Cerritos Valley Bank v. Stirling* (2000) 81 Cal.App.4th 1108, 1114-1115 [97 Cal.Rptr.2d 432].)

(2) We deal here with the predefault waiver of the Bank's own misconduct, which is not expressly waived in the guaranty agreement. We have found no cases on point addressing the availability of equitable defenses to Guarantors whose contractual guaranty has waived specific legal defenses. We read Civil Code section 2856 to permit a guarantor to waive certain legal and statutory defenses, as specified in the code, which would otherwise be available. Those statutory defenses have been set forth above. But we do not read Civil Code section 2856 to permit a lender to enforce predefault waivers beyond

those specified, where to do so would result in the lender's unjust enrichment, and allow the lender to profit from its own fraudulent conduct.

15. The DelPonti Court ruled in the favor of the guarantors because the lenders would have been unjustly enriched had they received a favorable judgment. The lower court in the DelPonti matter was cognizant of this fact and ruled properly in favor of the guarantors. This Court neglected to honor the opinion of the DelPonti Court by ruling in the favor of JRM whom she knew would be unjustly enriched by a judgment in their favor. A default judgment is not intended to be an automatic decision in  favor of Plaintiffs. (See attached Default Judgment and minute order dated June 9, 2021). Rather than allowing Gibson to have a trial based on the merits the Court denied him this opportunity ironically because he failed to timely respond to JRM's Complaint. However, the fact that the Court denied Gibson the opportunity to enter the subject matter because he allegedly failed to timely respond to JRM's complaint; it became incumbent upon the Court to make a fair, impartial and unbiased decision at the prove up hearing. The state court failed to carry out that obligation.

16. The Court ignored the obvious sale irregularities and licensing violations; but more importantly, ignored the fact that JRM would be unjustly enriched to the detriment of the state court Defendants (See attached Default Judgment and minute order dated June 9, 2021).

California Finance Code Section 22750 states as follows:

(a) If any amount other than, or in excess of, the charges permitted by this division is willfully charged, contracted for, or received, the contract of loan is void, and no person has any right to collect or receive any principal, charges, or recompense in connection with the transaction.

17. The June 9,  2021 minute order also ordered JRM to  file a proposed Default Judgment within 10 days. JRM failed to file the proposed judgment within 10 days. The Court executed the Default Judgment despite the fact that it was untimely filed (See attached minute order dated November 5, 2022). In addition to providing JRM with an opportunity to unjustly enrich themselves, the Court also executed and approved an order

Verified Complaint

providing JRM with an astounding 17% prejudgment usurious interest rate to be applied. The judgment is invalid and void for multiple reasons.

18. On or about February 14, 2022 state court Defendants removed the case to federal court due to state court Defendants violations of federal law. The matter was ordered to be remanded; however, pursuant to federal law, the matter has never been remanded to date by the federal court. Despite the fact that federal law requires the federal court to remand to state court; JRM's counsel filed a Notice of Remand on or about May 19, 2022.

28 USC 1447 states in part: "...A certified copy of the order of remand shall be mailed by the [federal] clerk to the clerk of the State court. The State court may thereupon proceed with such case." In violation of 28 USC 1447, On June 7, 2022, this court ordered a trial date scheduled for September 27, 2022.; despite the fact that the matter had NOT been remanded by the clerk of the federal court to the clerk of the state court.

19. Plaintiff Chris Chester filed a 170.6 peremptory challenge on September 27, 2022 at approximately 830am prior to the scheduled trial. The Court had clearly and blatantly engaged in multiples acts of prejudice throughout the proceedings related to this matter; therefore Chester did not believe that he would be afforded a fair trial. Ironically, after having ignored multiple instances wherein JRM had untimely filings; the Court denied the peremptory challenge as untimely.

20. Plaintiff Chester then timely filed, noticed and served an ex parte motion to continue trial on October 7, 2022. He had suffered the loss of 3 immediate family members since April 2022 and was not prepared to go to trial. The Court denied him the opportunity for oral argument and ruled in Chambers. The Court denied the motion as untimely despite the fact that it was in fact filed and served timely.

21. Lastly, attached are 3 emails sent to Plaintiff Chester from JRM's counsel. The emails are dated May 4, 2021, October 7, 2021 and October 7, 2022, respectively. As indicated in the emails, JRM is an REO holding company for Anchor Loans.

22. JRM's counsel indicates that Anchor Loans has originated over 9B in loans. He overstepped his boundaries and made multiple attempts to pressure Plaintiff into a settlement and into giving up his legal rights to defend against the state court matter. He further relished in the fact that he and his clients have regularly engaged in this bad faith and unlawful activity unchecked by an unjust and unfair legal system (See emails attached). If JRM's counsel is capable of acknowledging the fact that they have routinely been unjustly enriched at the expense of their borrowers as disclosed in the subject emails, then the state Court should be capable of recognizing this fact regardless of what JRM and JRM's counsel have grossly and negligently misrepresented to the Court.

23. For the foregoing reasons The state Court is clearly incapable of making a fair and impartial decision in the state court trial. It is urgent that a stay be granted in order to prevent the trial from going forward on October 13, 2022. Plaintiff will not be afforded a fair and impartial non jury trial if the denial of the 170.6 peremptory challenge is not overturned.

## FIRST CAUSE OF ACTION- VIOLATON OF 12 CFR 1008.103

JRM and Anchor Loans LP are in violation of 12 CFR 1008.103

24. Plaintiff Chester re-alleges and incorporates by reference each allegation contained in paragraphs 1-23 herein, inclusive.

25. Defendant Anchor Loans LP made a loan to an entity owned by Plaintiff and required Plaintiff to make a guaranty against the loan. Defendants are in violation of 12 CFR 1008.103 because they are pursuing a judgment against Plaintiff on the grounds that an unenforceable guaranty gives them a right to secure that judgment.

Verified Complaint

## SECOND CAUSE OF ACTION -UNIUST ENRICHMENT

26. Plaintiff re-alleges and incorporates by reference each allegation contained in paragraphs 1-25 herein, inclusive.

27. Defendants are in violation of state and federal law and are attempting to enforce a judgment against Plaintiff seeking to collect funds against a Deed of Trust and guaranty despite the fact that they have already secured those funds in previous sales.

## THIRD CAUSE OF ACTION-VIOLATION OF DUR PROCESS

26. Plaintiff re-alleges and incorporates by reference each allegation contained in paragraphs 1-27 herein, inclusive.

27. Defendants are in violation of state and federal law and are attempting to enforce a judgment against Plaintiff seeking to collect funds against a Deed of Trust and guaranty despite the fact that they have already secured those funds in previous sales.

26. By not considering her obvious bias and inability to afford Defendant Hon Holly Fujie has denied a fair and unbiased trial to Plaintiff in LASC matter, case number 20STCV06245. She has repeatedly denied motions against Defendants in the subject matter and denied Plaintiff's 170.6 peremptory challenge. The multiple decisions thereby constitute a prejudicial abuse of discretion in violation of the US Constitution 14th Amendment.

## PRAYER

Wherefore Plaintiff prays for relief as follows:

For a temporary restraining order and preliminary injunction during the pendency of this matter to prevent LASC Case number 20STCV06245 from proceeding.

Verified Complaint

1  For judgment and damages in the amount of $1,800,000 the principal balance of the

2  property sold at foreclosure sale to Plaintiff's detriment; and other damages as the court

3  sees fit.

4  For an order granting Plaintiff attorney fees; and

5  For such other relief as is just and equitable.

6

7

8  Dated: October 10, 2022

/s/Christopher Chester

_____

9

Christopher Chester

10

11

12

13

14

15

16

17  **VERIFICATION**

18  I am the petition in the the above entitled action.. I am aware of the nature of the verified

19  petition for writ of mandate, the legal basis and the relief being sought.

20

21   I declare under penalty of perjury under the laws of California and the United States of

22  America that the foregoing is true and correct; including but not limited to the exhibits

23  attached to this verified petition.

24

25  October 10, 2022

/s/Christopher Chester

_____

26

Christopher Chester

27

28

Verified Complaint

 

This page is part of your document - DO NOT DISCARD





## 20180597270

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/15/18 AT 08:00AM

| | |
|---|---|
| FEES : | 23.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| SB2 : | 75.00 |
| PAID : | 98.00 |





LEADSHEET



201806150190015

00015371176



009152813

SEQ:
01

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED





8717433 RL

FOR REFERENCE ONLY: 20180597270

RECORDING REQUESTED BY:
First American Mortgage Solutions

WHEN RECORDED MAIL TO:
ANCHOR LOANS, LP
5230 LAS VIRGENES ROAD, SUITE 105
CALABASAS, CA 91302

Loan # 910015
Order # 5330055 (MP)

SPACE ABOVE FOR RECORDER'S USE ONLY

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to IRM Financial, LLC, A California Limited Liability Company, as to an 100.000% interest equal to $1,800,000.00 under that certain Deed of Trust dated December 08, 2016, executed by PLACEMARK PROPERTIES LLC, a Texas Limited Liability Company, as Trustor, to ANCHOR LOANS, LP, A DELAWARE LIMITED PARTNERSHIP, as Trustee, and recorded as Instrument Number 2016-1613080 on December 20, 2016, in Official Records in the Office of the County Recorder of Los Angeles, CA, describing land in said county as:

THAT PORTION OF LOT 1 OF RE-PLAT OF A PORTION OF THE LANKERSHIM RANCH LAND AND WATER COMPANY'S PROPERTY, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 66, PAGE 83 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY DESCRIBED AS FOLLOWS:

BEGINNING AT THE WESTERLY TERMINUS OF THAT CERTAIN COURSE OF THE LAND DESCRIBED IN PARCEL NO. 1 IN DEED TO MITCHELL G. KOVALASKI, ET AL, RECORDED IN BOOK 22713 PAGE 173, OFFICIAL RECORDS, RECITED IN SAID DEED AS BEARING NORTH 80 DEGREE 24' 50" EAST 37.77 FEET, THENCE NORTH 2 DEGREE 35' 10" WEST 15 FEET; THENCE NORTH 1 DEGREE 15' 43" WEST 68.22 FEET, THENCE NORTH 80 DEGREE 25' 05" WEST 84.25 FEET TO A POINT IN A CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 174.77 FEET AND A CENTRAL ANGLE OF 31 DEGREE 55' 53" A RADIAL LINE AT SAID POINT BEING NORTH 55 DEGREE 22' 20" WEST; THENCE SOUTHERLY ALONG SAID CURVE 97.40 FEET, THENCE TANGENT TO SAID CURVE SOUTH 2 DEGREE 41' 47" WEST 60.97 FEET, MORE OR LESS, TO A POINT IN A LINE DISTANT NORTHERLY 15 FEET MEASURED RADIALLY FROM THE SOUTHERLY LINE OF SAID PARCEL NO. 1, THENCE SOUTH 3 DEGREE 25' 12" EAST 15 FEET TO THE SOUTHERLY LINE OF SAID PARCEL NO. 1; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF SAID PARCEL NO. 1 TO THE POINT OF BEGINNING

MORE COMMONLY KNOWN AS: 3535 Multiview Drive, Los Angeles, CA 90068
A.P.N.: 2425-012-010

Dated: this 8th day of June, 2018

Anchor Assets V, LLC, a California Limited Liability Company

By: Brittney Goodchild, as Authorized Representative
of Lighthouse Management, LLC, a California
Limited Liability Company and Manager for
Anchor Assets V, LLC

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On 6/8/18 before me, DINA MICHELLE TAYLOR notary public, personally appeared BRITTNEY GOODCHILD, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

(This area for official notary seal)

Notary Public commissioned for said County and State

DINA MICHELLE TAYLOR
Notary Public - California
Los Angeles County
Commission # 2156455
My Comm. Expires Jan 13, 2020

 

This page is part of your document - DO NOT DISCARD



## 20180597271



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/15/18 AT 08:00AM

| | |
|---|---|
| FEES: | 23.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 98.00 |





LEADSHEET



201806150190015

00015371177



009152913

SEQ:
02

SECURE - 8:00AM



THIS FORM IS NOT TO BE DUPLICATED


B717433 RL



FOR REFERENCE ONLY: 20180597271

RECORDING REQUESTED BY:

First American Mortgage Solutions

AND WHEN RECORDED TO:
ANCHOR LOANS
5230 LAS VIRGENES ROAD, STE. 105
CALABASAS, CA 91302

Forward Tax Statements to
the address given above

SPACE ABOVE LINE FOR RECORDERS USE

APN: 2425-012-010          TS # 2017-2152          Order #: 8717433

## TRUSTEE'S DEED UPON SALE

A.P.N.: 2425-012-010          Transfer Tax: $0.00

"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"

The Grantee Herein was the foreclosing Beneficiary

The Amount of The Unpaid Debt was $2,177,648.18

The Amount Paid By The Grantee Was $200,000.00

Said Property Is In The City of LOS ANGELES, County of Los Angeles

FATICO submits this document for
recordation as a courtesy for physical
convenience only. FATICO has not
examined this document for its validity,
sufficiency, or effect, if any, upon title to
the real property described herein.

S.B.S. TRUST DEED NETWORK, A CALIFORNIA CORPORATION, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to JRM FINANCIAL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, AS TO AN 100.000% INTEREST

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles, State of California, described as follows:

THAT PORTION OF LOT 1 OF RE -PLAT OF A PORTION OF THE LANKERSHIM RANCH LAND AND WATER COMPANY'S PROPERTY, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 66, PAGE 83 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE WESTERLY TERMINUS OF THAT CERTAIN COURSE OF THE LAND DESCRIBED IN PARCEL NO. 1 IN DEED TO MITCHELL G. KOVALASKI, ET AL., RECORDED IN BOOK 22713 PAGE 173, OFFICIAL RECORDS, RECITED IN SAID DEED AS BEARING NORTH 87 DEGREE 24' 50" EAST 37.77 FEET; THENCE NORTH 2 DEGREE 35' 10" WEST 15 FEET; THENCE NORTH 1 DEGREE 15' 43" WEST 98.22 FEET; THENCE NORTH 85 DEGREE 25' 05" WEST 84.25 FEET TO A POINT IN A CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 174.77 FEET AND A CENTRAL ANGLE OF 31 DEGREE 65' 53" A RADIAL LINE AT SAID POINT BEING NORTH 55 DEGREE 22' 20" WEST; THENCE SOUTHERLY ALONG SAID CURVE 97.40 FEET; THENCE TANGENT TO SAID CURVE SOUTH 2 DEGREE 41' 47" WEST 60.97 FEET, MORE OR LESS, TO A POINT IN A LINE DISTANT NORTHERLY 15 FEET MEASURED RADIALLY FROM THE SOUTHERLY LINE OF SAID PARCEL NO. 1; THENCE SOUTH 3 DEGREE 25' 12" EAST 15 FEET TO THE SOUTHERLY LINE OF SAID PARCEL NO. 1; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF SAID PARCEL NO. 1 TO THE POINT OF BEGINNING.

S.B.S. is a debt collector attempting to collect a debt and any information will be used for that purpose

# TRUSTEE'S DEED UPON SALE

TS #: 2017-2152
Order #: 8717433

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **PLACEMARK PROPERTIES LLC, A TEXAS LIMITED LIABILITY COMPANY** as Trustor, dated **12/13/2016** of the Official Records in the office of the Recorder of Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on **12/20/2016**, instrument number **20161613080**, Book XX, Page XX of Official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 6/7/2018. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $200,000.00, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, S.B.S. TRUST DEED NETWORK, A CALIFORNIA CORPORATION, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Dated: 6/7/2018                              S.B.S. TRUST DEED NETWORK, A CALIFORNIA CORPORATION

                              By:
                                   Colleen Irby, Trustee Sale Officer

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF California

COUNTY OF Los Angeles

On 6/7/2018 before me, Tammy Steele, Notary Public, Personally appeared, Colleen Irby who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Tammy Steele
Commission #2103837
Expires Mar 19, 2019

> TAMMY STEELE
> Commission # 2103837
> Notary Public - California
> Los Angeles County
> My Comm. Expires Mar 19, 2019

S.B.S. is a debt collector attempting to collect a debt and any information will be used for that purpose.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

June 24, 2020
9:26 AM

Judge: Honorable Holly J. Fujie
Judicial Assistant: O. Chavez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

Declaration regarding status of case was filed on June 23, 2020.

On the Court's own motion, the Non-Appearance Case Review Dismissal of Unserved Defendant scheduled for 06/25/2020 is advanced to this date and continued to 09/01/2020 at 03:00 PM in Department 56 at Stanley Mosk Courthouse.

If, proof of service is not filed, a Declaration of why the case should not be dismissed is to be filed by August 27, 2020, case will be dismissed if a declaration is not filed.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**                                                August 31, 2020
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                        9:24 AM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie                CSR: None
Judicial Assistant: O. Chavez                  ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

Declaration was filed on August 28, 2020.

On the Court's own motion, the Non-Appearance Case Review Dismissal of Unserved Defendant scheduled for 09/01/2020 is advanced to this date and continued to 11/09/2020 at 10:35 AM in Department 56 at Stanley Mosk Courthouse.

If, proof of service is not filed, a Declaration of why the case should not be dismissed is to be filed by November 5, 2020, case will be dismissed if a declaration is not filed.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**                                                      November 6, 2020
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                                 8:21 AM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie                CSR: None
Judicial Assistant: O. Chavez                  ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Non-Appearance Case Review

Defendant Chris Chester has not been served.

Default as to Defendant Mackie Gibson was entered on October 5, 2020.

Non-Appearance Case Review re: Dismissal of Chris Chester for failure to serve is scheduled for 12/28/2020 at 10:35 AM in Department 56 at Stanley Mosk Courthouse.

If, proof of service is not filed, Declaration, why the Defendant Chris Chester should not be dismissed, is to be filed by December 23, 2020, Defendant will be dismissed if the declaration is not filed.

Non-Appearance Case Review re: Default Judgment is scheduled for 01/12/2021 at 10:35 AM in Department 56 at Stanley Mosk Courthouse.

On the Court's own motion, the Non-Appearance Case Review Dismissal of Unserved Defendant scheduled for 11/09/2020 is advanced to this date and vacated .

Certificate of Mailing is attached.

Minute Order                                                      Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**                                                              June 9, 2021
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                                 2:34 PM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie            CSR: None
Judicial Assistant: O. Chavez              ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

the issue of whether the validity of a foreclosure sale can be used to challenge the claim against a guarantor of the underlying loan.

Here, the guaranty entered into by Gibson that is the subject of this lawsuit (the "Guaranty") includes a number of waivers of defenses that might otherwise be available to the guarantor, Gibson, in defending against the enforcement of the Guaranty. (Complaint, Exhibit 4.) A guarantor's waiver of defenses is limited to legal and statutory defenses expressly set out in the agreement. (California Bank & Trust v. DelPonti (2014) 232 Cal.App.4th 162, 167.) The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the mutual intention of the parties. (ASP Properties Group, L.P. v. Fard, Inc. (2005) 133 Cal.App.4th 1257, 1269.) The interpretation of a contract is a judicial function. (Brown v. Goldstein (2019) 34 Cal.App.5th 418, 432.) The objective intent of the contracting parties is a legal question determined solely by reference to the contract's terms. (Id.)

Here, the waiver provision in paragraph 5(a)(vi) of the Guaranty provides that the Guarantor, Gibson, waives any and all rights and defenses arising by reason of "the omission of any demand, presentment, protest or notice of any kind, including without limitation notice of the existence, creation, incurring, modification, substitution or renewal of any new or additional indebtedness or of any action or non-action on the part of the Borrower, Lender or any other Person in connection with the indebtedness." (emphasis added.) Moreover, paragraph 5(b)(iv) of the waiver provision states that the Guarantor waives all rights to require the Lender to "give notice of any judicial or nonjudicial sale or foreclosure of any real property security [of] any portion of the [i]ndebtedness." "This is an unconditional and irrevocable waiver of any rights and defenses [Gibson] may have because the debtor's debt is secured by real property."

Additionally, paragraph 6 of the Guaranty provides that the Guarantor waives all rights and defenses arising out of an election of remedies by the creditor such as a nonjudicial foreclosure. Specifically, if there is a foreclosure sale on the secured property, the amount of the debt "may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price." Also, Gibson expressly waived "all rights and defenses arising out of an election of remedies by the creditor, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guaranteed obligation."

These and the other provisions of the Guaranty bar Gibson from objecting to either the circumstances of or the results of the foreclosure sale. Therefore, the validity of the foreclosure sale has no relevance to the entry of the default judgment requested here as any defects as to the notice of the foreclosure sale or the foreclosure itself have been waived. Under Brown v.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

June 9, 2021
2:34 PM

Judge: Honorable Holly J. Fujie
Judicial Assistant: O. Chavez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

Goldstein, supra, 34 Cal.App.5th 418, 432, Gibson lacks standing to contest the foreclosure sale.

By reason of the above, Plaintiff's Application for Entry of Several Default Judgment against Gibson is GRANTED. Plaintiff is ordered to submit an updated proposed Several Default Judgment within ten court days of the date of this Order, reflecting a calculation of interest that includes daily interest to the date of submission and a daily interest amount for the Court to calculate based upon the date of entry of the judgment.

IT IS SO ORDERED.

Dated this 9th day of June 2021

/s/ Holly J. Fujie

Hon. Holly J. Fujie
Judge of the Superior Court

Certificate of Mailing is attached.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

20STCV06245
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

June 9, 2021
2:34 PM

Judge: Honorable Holly J. Fujie
Judicial Assistant: O. Chavez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

REQUESTING PARTY: Plaintiff JRM Financial, LLC.

The Court has considered all papers filed in connection with this request. The Court grants
Plaintiff's Request for Judicial Notice filed May 17, 2021.

BACKGROUND

Plaintiff filed a Request for Entry of Several Default Judgment against defendant Mackie Gibson
("Gibson"). Gibson is one of the guarantors on a loan (the "Loan") made to non-party Placemark
Properties LLC ("Borrower") in the principal amount of $1.8 million and secured by a deed of
trust (the "DT") on certain real property (the "Property"). Borrower defaulted on the Loan and
ultimately the DT was foreclosed upon based on a credit bid of $200,000. Plaintiff then filed this
lawsuit against Gibson and another guarantor, Chris Chester. Gibson failed to timely respond to
the complaint and default was entered against him on October 5, 2020. Gibson failed to timely
seek relief from default, despite admitting to knowledge of the lawsuit and service prior to the
entry of default, and Plaintiff sought entry of a default judgment in the full amount owed on the
Loan, including a credit of $200,000 for the credit bid accepted at the foreclosure sale on the
Property.

Gibson objected to entry of the proposed default judgment on the grounds, among others, that: 1)
the foreclosure sale was allegedly void because the foreclosing trustee had not been substituted
in as trustee until after the sale; and 2) the $200,000 credit bid was so low relative to the value of
the Property as reflected by a subsequent sale as to make the use of that credit bid improper.

The Court has considered these objections as well as all arguments presented in opposition to the
entry of the proposed default judgment in making this ruling. The Court specifically looked at

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kelly A. Sweeney (SBN 239613); Glenn C. Kelble (SBN 162935)<br>Sweeney & Kelble<br>445 S Figueroa St Ste 3100, Los Angeles CA 90071<br>TELEPHONE NO.: (310) 955-4050    FAX NO. (Optional): (310) 955-4050<br>E-MAIL ADDRESS (Optional): glenn@ksgklaw.com<br>ATTORNEY FOR (Name): JRM Financial, LLC | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 29 2021<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Latrina Woods |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: JRM Financial, LLC

DEFENDANT: Chris Chester, et al.

| JUDGMENT | | CASE NUMBER: |
|---|---|---|
| [ ] By Clerk    [X] By Default<br>[X] By Court    [ ] On Stipulation | [ ] After Court Trial<br>[ ] Defendant Did Not<br>     Appear at Trial | 20STCV06245 |

JUDGMENT

1. [X] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [X] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [X] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court    [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):                    [ ] Plaintiff's attorney (name each):
          (1)                                            (1)
          (2)                                            (2)
      [ ] Continued on Attachment 3b.

      [ ] Defendant (name each):                    [ ] Defendant's attorney (name each):
          (1)                                            (1)
          (2)                                            (2)
      [ ] Continued on Attachment 3b.

   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was    requested.

Page 1 of 2

Electronically Received 06/24/2021 02:19 PM

| PLAINTIFF: JRM Financial, LLC | CASE NUMBER. |
|---|---|
| DEFENDANT Chris Chester, et al. | 20STCV06245 |

JUDGMENT IS ENTERED AS FOLLOWS BY:  [X] THE COURT  ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5 **Parties.** Judgment is

a. [X] for plaintiff *(name each)*:
   JRM Financial, LLC, a California limited liability company

   and against defendant *(names)*:
   Mackie Gibson, an individual

   ☐ Continued on Attachment 5a.

b. ☐ for defendant *(name each)*:

c. ☐ for cross-complainant *(name each)*:

   and against cross-defendant *(name each)*:

   ☐ Continued on Attachment 5c.

d. ☐ for cross-defendant *(name each)*:

6. **Amount.**

a. [X] Defendant named in item 5a above must pay plaintiff on the complaint:

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| (1) | [X] | Damages | $ 1,977,648.18 | (1) | ☐ | Damages | $ |
| (2) | [X] | Prejudgment interest at the annual rate of 17.00% | $ 946,050.00 (Interest on the Principal of $1,800,000.00 at 17.00% from 6/7/2018 to 6/24/2021) | (2) | ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) | [X] | Attorney fees | $ 19,890.00 | (3) | ☐ | Attorney fees | $ |
| (4) | [X] | Costs | $ 435.00 | (4) | ☐ | Costs | $ |
| (5) | [X] | Other *(specify)*: | $ daily interest from 6/24/2021 to entry of judgment at $850.00/day. | (5) | ☐ | Other *(specify)*: | $ |
| (6) | | TOTAL | $ 2,973,773.10 | (6) | | TOTAL | $ |

b. [X] Plaintiff to receive nothing from defendant named in item 5b.
   ☐ Defendant named in item 5b to recover costs $
   ☐ and attorney fees $

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
   ☐ Cross-defendant named in item 5d to recover costs $
   ☐ and attorney fees $

7 ☐ Other *(specify)*:

Date: 7/29/21

☐ _____ JUDICIAL OFFICER  **HOLLY J. FUJIE**

Date: _____  ☐ Clerk, by _____ , Deputy

---

**CLERK'S CERTIFICATE** *(Optional)*

[SEAL]

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

Page 2 of 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

20STCV06245                                                                November 5, 2021
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                                      8:30 AM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie                    CSR: None
Judicial Assistant: O.Chavez                       ERM: None
Courtroom Assistant: B. Chavez                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Glenn C Kelble (By LACC)

For Defendant(s): Ralph Harrison II (By LACC)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Set Aside/Vacate Default and Default
Judgment (CCP 473.5)

The matter is held.

The Court hears oral argument.

The Court's tentative ruling becomes the order of the Court.

The Motion to Set Aside/Vacate Default and / or Default Judgment filed by Chris Chester,
Mackie Gibson on 10/13/2021 is Denied.

MOVING PARTY: Defendant Mackie Gibson ("Moving Defendant")

RESPONDING PARTY: Plaintiff JRM Financial, LLC

The Court has considered the moving, opposition and reply papers.

BACKGROUND

On June 9, 2021, after hearing arguments, this Court granted Plaintiff's application for entry of
default judgment against Moving Defendant and ordered Plaintiff to submit an updated proposed
judgment within ten days of the Court's order. Plaintiff submitted its proposed judgment on June
24, 2021 and judgment was entered against Moving Defendant on July 29, 2021.

Moving Defendant filed a motion to set aside a void judgment (the "Motion"), contending, in
part, that the judgment entered against him on July 29, 2021 is void because Plaintiff's proposed
judgment was untimely submitted.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

November 5, 2021
8:30 AM

Judge: Honorable Holly J. Fujie
Judicial Assistant: O.Chavez
Courtroom Assistant: B. Chavez

CSR: None
ERM: None
Deputy Sheriff: None

In its opposition (the "Opposition"), Plaintiff argues that the Court should deny the Motion because Moving Defendant failed to establish a proper ground for relief under California Code of Civil Procedure ("CCP") section 473, subdivision (b). (Opposition 4:27-5:27.) Plaintiff also argues that the proposed judgment it submitted was "reasonably timely" and the one-day delay did not require the Court to reject the proposed judgment. (Opposition 6:13-24.)

Moving Defendant clarified his position in his reply (the "Reply"), stating that the Motion was brought pursuant to CCP section 473, subdivision (d) because the proposed judgment was untimely submitted and is thus void. Moving Defendant argues that Plaintiff was required to submit the proposed judgment within 10 days of the Court's order pursuant to California Rules of Court ("CRC"), rule 3.1590. Moving Defendant argues that there are no exceptions to CRC rule 3.1590 and allowing the judgment to stand effectively creates a double standard wherein Plaintiff is not bound by hard deadlines. (See Reply 3:1-18.)

While the Court acknowledges Moving Defendant's frustration, the Court does not adopt Moving Defendant's interpretation of CRC rule 3.1590, as that provision applies to jury trials and is therefore inapplicable to the present matter. The Court also notes that the rules regarding complying with deadlines so as not to be subject to default judgment are statutorily based, unlike CRC provisions.

Though Plaintiff's proposed judgment was submitted one day after the timeframe designated in the Court's June 9, 2021 order, the Court exercises its discretion and declines to set aside the judgment on that basis.

The Court therefore DENIES the Motion.

Plaintiff is ordered to give notice.

Dated this 5th day of November 2021

/s/ Holly J. Fujie

Holly J. Fujie
Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

June 7, 2022
11:24 AM

Judge: Honorable Holly J. Fujie
Judicial Assistant: O.Chavez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order

Notice of Order Remanding Matter to State Court was filed on May 19, 2022.

Final Status Conference is scheduled for 09/20/2022 at 08:30 AM in Department 56 at Stanley
Mosk Courthouse.

The Court orders counsel to prepare a joint exhibit list (with stipulations or objections noted as to
each exhibit), and a joint witness list (with time estimates for each side and totals). Counsel are
ordered to comply with Department 56 Local Rules.

Non-Jury Trial is scheduled for 09/27/2022 at 09:30 AM in Department 56 at Stanley Mosk
Courthouse.

Certificate of Mailing is attached.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 04:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg,Deputy Clerk

1 | Kelly A. Sweeney, SBN 239613
2 | Glenn C. Kelble, SBN 162935
Sweeney & Kelble APC
3 | 445 S Figueroa St Ste 3100
Los Angeles CA 90071
4 | Tel/Fax: (310) 955-4050
5 | kelly@ksgklaw.com; glenn@ksgklaw.com

6 | Attorneys for JRM Financial, LLC

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10

11 | JRM FINANCIAL, LLC, a California
limited liability company,
12 |                    Plaintiff,

13 | vs.

14 | CHRIS CHESTER, an individual;
MACKIE GIBSON, an individual; and
15 | DOES 1 through 20,

16 |                    Defendants.

CASE NO.: 20STCV06245

**NOTICE OF U.S. DISTRICT COURT'S ORDER REMANDING MATTER TO STATE COURT**

17

18 |       PLEASE TAKE NOTICE that the U.S. District Court issued its Order Remanding

19 | Matter to State Court, a true and correct copy of which is attached as Exhibit 1; and

20 | the Clerk of the U.S. District Court issued a notice of the remand to the Los Angeles

21 | County Superior Court – Stanley Mosk Courthouse at 111 N. Hill Street, Los Angeles,

22 | CA 90012 that stated it included a certified copy of the Order of Remand, a true and

23 | correct copy of which is attached as Exhibit 2.

24 | Dated:   May 19, 2022            Sweeney & Kelble APC

25 |                                  By:

26 |                                       Glenn C. Kelble
                                         Attorneys for JRM Financial, LLC
27

28

29

30

NOTICE OF U.S. DISTRICT COURT'S ORDER REMANDING MATTER TO STATE COURT

1   Chris Chester
    6901 County Rd 1145
2   Celeste TX 75423

3   Mackie Gibson
    5403 Thunderbird St Apt B
4   Lago Vista TX 78645
    469.600.1806
5
    Defendants Pro Per
6

7

8                       SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11

12

13

14  JRM Financial, LLC, A            ) Case No: 20STCV06245
                                     )
15  California limited liability     ) NOTICE OF FILING OF REMOVAL IN THE
                                     ) UNITED STATES DISTRICT COURT
16  company,                         )
                                     )
17          Plaintiff,               )
                                     )
18      vs.                          )
                                     )
19  Chris Chester, an individual,    )
                                     )
20  Mackie Gibson, an individual,    )
                                     )
21  et al,                           )
                    Defendant        )
22  _____  )

23

24      **DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL**

25  PLEASE TAKE NOTICE THAT, on February 11, 2022 defendants filed a notice of removal,

26  pursuant to 28 U.S.C §1332,1441 and1446, removing the above captioned action from the

27

28

    NOTICE OF FILING OF REMOVAL

FILED
Superior Court of California
County of Los Angeles

FEB 14 2022

Sherri R. Carter, Executive Officer/Clerk of Court

By: Y. Tarasyuk, Deputy

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Christopher Chester<br>6901 County Rd 1145<br>Celeste, TX 75423<br>chester2021OL@gmail.com<br>ATTORNEY FOR (Name): Plaintiff Pro Per | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 27 2022<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _Bella R. Cherg_, Deputy<br>Oscar Chavez |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:
JRM Financial, LLC

DEFENDANT/RESPONDENT:
Christopher Chester, et al

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>20STCV06245 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Holly J Fujie | Dept. Number: 55 | LOS ANGELES SUPERIOR COURT<br>RECEIVED<br><br>SEP 27 REC'D |
|---|---|---|
| ☒ Judge | ☐ Commissioner | ☐ Referee **DEPT. 56** |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.

Filed on behalf of: ___Christopher Chester___
                         Name of Party

☐ Plaintiff/Petitioner     ☐ Cross Complainant
☒ Defendant/Respondent     ☐ Cross Defendant
☐ Other:

Dated:  9/25/2022

/s/Christopher Chester
Signature of Declarant

Christopher Chester
Printed Name

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**                                                   September 27, 2022
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                            9:30 AM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie            CSR: None
Judicial Assistant: O.Chavez               ERM: None
Courtroom Assistant: B. Chavez             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Glenn C Kelble (Present)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Non-Jury Trial; Order to Show Cause Re: Dismissal and/or
Sanctions for Failure to File Joint Trial Documents; Final Status Conference

The matter was set for trial.

No appearance by Defendant Chris Chester.

The Court notes that a declaration as to why sanctions should not be imposed was not filed by
Defendant.

The Court notes that Defendant did not file trial documents.

The Court reviews the Peremptory Challenge filed by Chris Chester (Defendant) on 09/27/2022
pursuant to Code of Civil Procedure section 170.6 and finds that it was not timely filed, and is
Denied.

On the Court's own motion, the Non-Jury Trial scheduled for 09/27/2022 is continued to
10/13/2022 at 09:30 AM in Department 56 at Stanley Mosk Courthouse.

Defendant is to meet and confer with counsel for Plaintiff regarding trial documents.

Certificate of Mailing is attached.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**20STCV06245**                                          October 7, 2022
**JRM FINANCIAL, LLC, A CALIFORNIA LIMITED**                8:30 AM
**LIABILITY COMPANY vs CHRIS CHESTER, et al.**

Judge: Honorable Holly J. Fujie              CSR: None
Judicial Assistant: O.Chavez/A. Rios         ERM: None
Courtroom Assistant: B. Chavez               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Glenn C Kelble by LACC

For Defendant(s):  No Appearances

Other Appearance Notes: Chris Chester by LACC (Self-Represented)

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application for motion to continue

The matter is held.

The Court having read and considered the Ex Parte Application hereby rules as follows:

The Ex Parte Application for motion to continue filed by Chris Chester on 10/07/2022 is Denied.

The Court finds the Ex Parte Application is untimely; trial date stands.

Counsel for Plaintiff to give notice.

Sent from my iPhone

Begin forwarded message:

**From:** Glenn Kelble <glenn@ksgklaw.com>
**Date:** May 4, 2021 at 11:35:51 AM PDT
**To:** chester2021ol@gmail.com
**Subject: JRM Financial, LLC v. Chester, et al.**

FOR SETTLEMENT PURPOSES ONLY
JRM Financial, LLC v. Chester, et al.
Los Angeles County Superior Court Case No. 20STCV06245 (Filed 2/20/2020)
Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, CA 90012
Judge Holly J. Fujie, Dept. 56
Our Client: JRM Financial, LLC

Mr. Chester:

I would like to talk with you about this case. As you are probably now aware, the court denied Mr. Gibson's request to set aside the default. So at this point, the only thing at issue for Mr. Gibson is the amount of the default judgment to be entered against him. The judge continued the hearing to May 27 so that my client can supply additional documents that she wants to see. We will be doing that. Frankly, I am not sure why you are opposing the entry of the judgment against Mr. Gibson. The more that my client collects from Mr. Gibson, the less it will require from you.

As I explained to Mr. Gibson, I understand your question about the subsequent sale of the property – I have heard this from almost every guarantor that I have sued for a lender client. However, under California law and the contractual waivers in your guaranty, my client was not even obligated to foreclose on the property before recovering under the guaranty. In addition, you specifically waived any defense based on the value of the secured property. This waiver is in section 6 of your guaranty. This waiver is not only enforceable, but is taken directly from California Civil Code §2856 which allows for such waivers in guaranties. I have handled numerous cases just like this where the court will not look to the value of the property securing the underlying obligation that was guaranteed. That is simply what the law dictates. If you would like, you can Google "Gradsky Waivers" to see discussions of the case which originally held this, and how it was subsequently made into law by Civil Code 2856.

I will note that the foreclosure was conducted just like tens of thousands of other nonjudicial foreclosures in California. Bidders don't always show up to foreclosure sales which are open to the public and conducted in public areas (such as this one held at the Civic Center Plaza in Pomona). Even if bidders do appear, they often won't bid that much for properties where they understand that the lender is owed near to what the property is worth, since they understand that the lender can simply credit bid up to what they are owed. In those instances, many bidders simply won't waste their time bidding. That is apparently what happened in this case. Furthermore, there is no requirement that Lenders credit bid the full amount that they are owed.

With all that said, and as I think I have mentioned before, I suspect my client understands that neither of the defendants in this case would be able to satisfy the judgment that we will obtain in this matter. They understand that it is more realistic to discuss a resolution that is manageable for the defendants. However, resolution may become more difficult the more that my client is required to expend in this matter. Therefore, if there is something to be discussed before my client incurs further legal costs, it would be helpful. I am glad to discuss any questions that you have about the case, the foreclosure, etc. and I can email you whatever documentation you may need to review. I am not sure why at today's hearing Mr. Harrison was hung up on the substitution of the foreclosure trustee which is a routine event in a foreclosure, but I have attached it (and the notice of default) for your review. The foreclosure in this case was completed in accordance with all statutes. SBS is one of the larger foreclosure trustees operating in California and has conducted thousands of foreclosure sales without incident. Also, JRM is simply Anchor Loans' entity for holding REO properties. Anchor routinely assigns loans in foreclosure to JRM in case (as in this case) the property reverts to the lender at the foreclosure sale. This has happened like this in countless foreclosures and is completely typical for lenders to do. I want to explain all this to you so that you understand that although I represent JRM in this case, it is essentially Anchor Loans. When I call my client to discuss resolution efforts in this case, I am talking with the same folks at Anchor.

I will also add that your contention that Anchor was an unlicensed lender is incorrect. Anchor Loans, LP is and was at all times relevant a licensed California Finance Lender (License No. 603K850). Anchor has originated over $9 billion in loans over the years

and operates in 48 states. I have represented them in California for the past 10+ years. Anchor has never found to have been unlicensed in making loans. You are simply mistaken.

I will close by telling you that I know from experience that Anchor (JRM) can be reasonable in resolving matters. However, I have also had cases where the defendant simply won't engage in any discussions, and then my client simply marches forward to judgment and judgment collection on the full amount under the judgment. Anchor (JRM) operates in Texas and has Texas attorneys that handle judgment collection there.

I look forward to talking with you about this.

<image001.png>   Glenn C. Kelble | Sweeney & Kelble |
445 S Figueroa St Ste 3100 | Los Angeles CA 90071 |
Tel (310) 955-4050 x701 | glenn@skoglaw.com | www.skoglaw.com

This email (including any attachments) may contain information that is privileged and confidential. If you are not the intended recipient and have received this email in error, then you are advised that any disclosure or distribution of the email, or the taking of any action in reliance upon the contents of this email, is strictly prohibited. Thank you.

<Sub Tee and NOD.pdf>

Sent from my iPhone

Begin forwarded message:

**From:** Glenn Kelbie <glenn@ksgklaw.com>
**Date:** October 7, 2021 at 1:21:03 PM PDT
**To:** chester2021ol@gmail.com
**Subject: JRM Financial, LLC v. Chester, et al.**

JRM Financial, LLC v. Chester, et al.
Los Angeles County Superior Court Case No. 20STCV06245
Our Client: JRM Financial, LLC

Mr. Chester:

I have attached a copy of the judgment entered against Mr. Gibson in this case. As you know, the court considered all of your factual and legal arguments against entry of the judgment, but in the end the court agreed with our position and entered the requested judgment.

Unlike Mr. Gibson, you filed an answer and are an active defendant in this case. We have a final status conference set for December 1, 2021 and the trial is scheduled to start on January 10, 2022. The same issues will be presented at trial as were before the court when it considered our request for entry of judgment against Mr. Gibson. Your position is no different than Mr. Gibsons, and the result will likely be the same.

If you are willing to discuss resolution prior to these upcoming dates, my client will be willing to listen. After it has had to prepare for the upcoming final status conference and trial, they will not be so receptive to discussing resolution. So now is a good time.

As I have mentioned before. I know from representing Anchor Loans and JRM for the past decade, that they can be reasonable in resolving matters. They understand the economic realities of a guarantor's personal financial situations and take that into consideration when trying to resolve matters. Therefore, I believe that a discussion about resolving the matter would be productive if we have it soon. Please do not assume that since the amount sought in this case is high, that discussing resolution would not be fruitful. Give me a call and we can discuss. Lack of communication will simply lead to a judgment and judgment collection actions in Texas which can be rather disruptive. Let's see what we can do before that happens. Thank you.

Glenn C. Kelbie. Esq.

<image001.png> Sweeney & Kelbie APC

445 S. Figueroa Street. Suite 3100
Los Angeles, CA 90071
(310) 955-4050  x701
glenn@ksgklaw.com
www.ksgklaw.com

This electronic transmission (including any attachments) is intended for the use of the individual or group to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this electronic transmission is not the intended recipient you are hereby notified that any dissemination or copying of this communication is strictly prohibited. Moreover, if you are not the intended recipient and have received this communication in error, please delete, or otherwise permanently destroy the original transmission, together with any and all copies of same. Thank you.

<2021-07-29 Judgment (Mackie Gibson).pdf>

From: Glenn Kelble <glenn@ksgklaw.com>
Date: October 7, 2022 at 4:34:48 PM PDT
To: Christopher Chester <chester2021ol@gmail.com>
Subject: JRM Financial, LLC v. Chris Chester, et al.

FOR SETTLEMENT PURPOSES ONLY
JRM Financial, LLC v. Chris Chester, et al.
Los Angeles County Superior Court Case No. 20STCV06245
Our Client: JRM Financial, LLC

Mr. Chester:

Let me lay this out for you so there is no misunderstanding.

In December 2016, Anchor Loans, LP ("Anchor") made a loan to your company Placemark Properties, LLC ("Placemark") in the amount of $1,800,000.00 secured by the property located at 3535 Multiview Dr., Los Angeles, CA 90068. At the time the loan was made, you were the managing member of Placemark, and signed the loan documents. You also signed a personal guaranty of the loan. The guaranty you signed expressly waived any right to require the lender to pursue the secured property first, or at all. The guaranty also waived any objection to the lender receiving less than the property's value in a foreclosure. The guaranty includes waivers of all rights and defenses that the guarantor may have because the guaranteed debt is secured by real property (see sections 5 and 6 for these waivers).

Placemark only made a handful of payments before it stopped making payments on the loan (the last payment made was credited to the payment due on 6/1/2017). Placemark then proceeded to file two failed bankruptcy cases to try and stop the foreclosure. The foreclosure sale was not finally completed until June 2018. Placemark had over a year after its default to try and sell the property to pay off Anchor, which it did not do. Immediately prior to the foreclosure sale in June 2018, $2,177,648.18 was still due and outstanding under the loan (consisting of outstanding principal of $1,800,000.00 plus accrued interest and other charges of $377,648.18). The property reverted to JRM (Anchor's holding company for REO foreclosures) for a credit bid of $200,000. Your Guaranty waived any requirement that the lender pursue the collateral before your guaranty. But, if you want to claim that the foreclosure shouldn't have occurred, we can certainly add back in the additional $200,000 from the credit bid to what you owe under your guaranty -- but I suspect that you would not want this. Under California law, the lender's damages are fixed by the sale price at the foreclosure sale (with additional interest accruing on any remaining principal left after the sale). So, after the foreclosure sale, the principal of $1,800,000 plus other remaining unpaid interest and charges of $177,648.18 were still due on the loan. Interest continued to accrue on the unpaid principal at $850/day (17% default interest). That is what JRM is entitled to claim at trial (and is the same calculation the court approved in the default judgment against your co-guarantor last year).

JRM's legal claim in this case was fixed at the foreclosure sale (with interest accruing on unpaid principal). Both the burden and benefit of the property became JRM's after foreclosure. This is established law in California. Therefore, what JRM eventually did with the property is of no relevance to its claim on your guaranty.

However, for the sake of discussion, let's look at what happened. JRM eventually was able to sell the property in a market sale on November 27, 2019 for $1,768,500.00 - this was the true value of the property at the time, as it was listed and this was the highest offer that JRM received. At the time, the balance due on the loan was in excess of $2.3 million (due to accruing default interest). But, if you want to factor in the value JRM got from the sale (which legally we are not required to do), and accounting for costs of sale of 6% (paid to brokers), you are still looking at a shortfall of approximately $637,000 after the 2019 market sale – and this does not even account for the substantial carrying costs JRM incurred with the property and additional substantial expenditures it had to make to position the property for a sale at this price. But for the sake of argument let's just look at the $637,000 shortfall without accounting for the carrying costs. That amount would have continued to accrue interest at the default rate of 17% through today, for a balance of approximately $951,000. So there is no question that JRM has a very real, and very large loss in this matter. If you want to argue that this is what you owe, then we can certainly discuss. Again, I assume that you are not able to pay such an amount. My client is not unrealistic and assumes that you would have no ability to satisfy a judgment in the amount which it is seeking at trial, and it assumes that you also could not manage a judgment of $951,000.

I have told you more than once during this case that my client is realistic, and it understands that guarantors may not have the ability to pay anything close to their legal liability. That is why they always will consider a guarantor's representations regarding their finances and ability to pay when considering resolution. However, you simply have not listened and have not engaged in any discussions about resolution. So, you have left my client no choice but to pursue judgment at trial. My client will not just dismiss this lawsuit.

Frankly, my client has no interest in discussing a resolution that is not realistically manageable for you – that is why I haven't come to you with resolution proposals for $2 million, $1 million, or even a couple hundred thousand. I am pretty sure that that would just set things up for failure. However, if you want to discuss something, I am available to talk. I have had guarantors on loans establish financial conditions that only support the ability to manage a tiny fraction of what is owed (and with payments over time at that), and my client has listened. But without a dialogue, there is nothing to listen to. I think you are being unwise by not talking with me. I still may be able to talk with my client about a payment plan that is very manageable given your particular financial condition – that frankly may be far, far, FAR away from any of the numbers that we see in this case. I think you would find this far preferable to the disruption that is caused by an outstanding judgment and judgment collection activities that can affect your wages, your bank accounts, and other personal and real property you may own. But I can't talk with my client about a manageable resolution without communication from you.

I will also throw in that it is telling that Placemark has never formally challenged the foreclosure sale. It didn't because it knows it would have lost,

and it knows that it was not in a position to pay back the loan to Anchor. I understand that you sold the LLC to Avis Copeland. It was your error to do this without negotiating a release of your personal guaranty (Anchor rarely does this, and only if presented with an alternate guarantor that has sufficient means). Frankly, you should be suing Ms. Copeland. She seems to have really done you wrong.

Feel free to call me if you would like to discuss things.

Glenn C. Kelble, Esq.
Sweeney & Kelble APC
445 S. Figueroa Street, 31st Floor
Los Angeles, CA 90071
(310) 955-4050 x701
glenn@ksgklaw.com
www.ksgklaw.com

This electronic transmission (including any attachments) is intended for the use of the individual or group to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this electronic transmission is not the intended recipient you are hereby notified that any dissemination or copying of this communication is strictly prohibited. Moreover, if you are not the intended recipient and have received this communication in error, please delete, or otherwise permanently destroy the original transmission, together with any and all copies of same. Thank you.

-----Original Message-----
From: Christopher Chester <chester2021ol@gmail.com>
Sent: Friday, October 7, 2022 10:01 AM
To: Glenn Kelble <glenn@ksgklaw.com>
Subject: Re: Ex Parte Notice - JRM Financial v Chester - Case #20STCV06245

Mr. Kelble. As you, your clients and the Court are fully aware, JRM Financial conducted an unlawful foreclosure sale and unlawfully sold the property to a third party for just under 1.8M. There is really nothing to discuss other than a dismissal of this matter and the void default judgment against Mr. Gibson being set aside. If you would like to draft a dismissal and a stipulation to set aside the void default judgment, he and I would be more than happy to sign off on those documents. Otherwise, there is nothing to discuss because this matter has no legal merit.

Christopher Chester

Sent from my iPhone

On Oct 7, 2022, at 8:49 AM, Glenn Kelble <glenn@ksgklaw.com> wrote:

Mr. Chester:

If you would like to discuss this matter, I am available for a call. I am not sure why you have never reached out to discuss this case in the last year and half.

Glenn C. Kelble, Esq.
Sweeney & Kelble APC
445 S. Figueroa Street, 31st Floor
Los Angeles, CA 90071
(310) 955-4050 x701
glenn@ksgklaw.com
www.ksgklaw.com

This electronic transmission (including any attachments) is intended for the use of the individual or group to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this electronic transmission is not the intended recipient you are hereby notified that any dissemination or copying of this communication is strictly prohibited. Moreover, if you are not the intended recipient and have received this communication in error, please delete, or otherwise permanently destroy the original transmission, together with any and all copies of same. Thank you.

-----Original Message-----
From: Christopher Chester <chester2021ol@gmail.com>
Sent: Thursday, October 6, 2022 7:58 AM
To: Glenn Kelble <glenn@ksgklaw.com>
Subject: Ex Parte Notice - JRM Financial v Chester - Case #20STCV06245

Mr. Kelble. This email is to give notice that on Friday, October 7, 2022, I will be appearing in Dept 56 at 830am, 111 N Hill St Los Angeles CA 90012. I will be making an appearance to request a continuance of the trial in the above matter currently scheduled for October 13, 2022.

Please advise if you are willing to stipulate to a continuance. If not, I will be making the appearance. Thank you.

Chris Chester